IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY WAYNE BECKETT | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-180 |
| ITEX GROUP LLC | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Ricky Wayne Beckett, an inmate confined at the Smith Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Itex Group LLC ("Defendant").

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff alleges that in June of 2021, he was a resident at the O.W. Collins Senior Apartments in Port Arthur, Texas. The facility is owned by the Defendant. Plaintiff states that on this day, he was pistol whipped while on Defendants' property. He suffered injuries which ultimately required reconstructive surgery.

On October 11, 2023, the undersigned ordered Plaintiff to replead his cause of action (doc. #9). The court specifically inquired as to Plaintiff's claims of diversity jurisdiction, asking Plaintiff the following:

> 1. You allege you are suing under diversity jurisdiction under 28 U.S.C. § 1332. While you state the Defendant Itex Group LLC is incorporated in another state, you provide no specifics. Please provide the court with the name of the defendant, its state of incorporation, principal place of business, address for service of process, and the agent for the corporation for service of process.

*Id*.

Plaintiff filed a response on December 18, 2023 (doc. #16). Plaintiff states it is impossible for him to name the agent of the defendant but that its state of incorporation is in Texas with its principal place of business in Port Arthur, Texas. *Id*., pg. 7.

## Discussion

Plaintiff alleges he is proceeding under this court's diversity jurisdiction. However, Plaintiff confirms that he is a citizen of Texas and that the defendant is incorporated in Texas, with its principal place of business in Port Arthur, Texas. As a result, Plaintiff has failed to demonstrate he is entitled to proceed under this court's diversity jurisdiction. Alternatively, as the Defendant is a private corporation, Plaintiff has not shown the Defendant is acting under the color of state law, and thus § 1983 also fails as a basis for jurisdiction. There is no federal law nexus.

Plaintiff's complaint fails to raise a question of federal law or properly invoke the court's diversity jurisdiction. This lawsuit should be be dismissed for lack of subject matter jurisdiction.

## Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for lack of subject matter jurisdiction.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 17th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge